IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS WEIR, | ) |
| | ) |
| Plaintiff, | ) 2:25-cv-722 |
| | ) |
| v. | ) |
| | ) |
| JOYCE PIERRE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Nicholas Weir's Motion for Temporary Restraining Order (ECF 4). For the reasons below, the Court denies Mr. Weir's motion.

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (cleaned up). "A party seeking a [TRO] must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the [TRO] is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.*

Mr. Weir has not satisfied his burden for preliminary injunctive relief on at least the first element: he has not shown a likelihood of success on the merits. He seeks a TRO to stay or overrule a February 2025 order issued by the New York Supreme Court holding him in contempt for failing to comply with a divorce judgment. Mr. Weir was ordered to appear before the court on May 28, 2025 for sentencing if he does not purge his contempt by then.

The Court cannot discern from Mr. Weir's motion whether he has appealed the February 2025 contempt order in the state courts. To the extent that Mr. Weir is seeking prospective relief for ongoing state-court contempt proceedings, the Court

has concerns that it lacks jurisdiction over this action under the *Younger* abstention doctrine, which applies when "there are continuing state proceedings which are judicial in nature, which implicate important state interests, and which afford an adequate opportunity for the appellant to present his federal claims." *Gittens v. Kelly*, 790 F. App'x 439, 441 (3d Cir. 2019); *see also Lopez v. Pec*, No. 23-23012, 2025 WL 25560, at *13 (D.N.J. Jan. 3, 2025) (*Younger* abstention is appropriate in actions challenging state court civil proceedings "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," such as contempt orders (cleaned up)).  Otherwise, if Mr. Weir is challenging a final judgment, the Court is concerned that it lacks jurisdiction over this action under the *Rooker-Feldman* doctrine, which bars "(1) cases brought by state-court losers (2) complaining of injuries caused by state-court judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (cleaned up); *see Lyman v. Philadelphia Ct. of Common Pleas Domestic Rels. Div.*, 751 F. App'x 174, 178 (3d Cir. 2018) (*Rooker-Feldman* barred federal-court action challenging state-court order that found plaintiff in civil contempt and ordered his imprisonment).

Further, the Court is not convinced that venue is proper in this Court or that this Court has personal jurisdiction over Defendants.  The contempt order at issue arises out of proceedings in the New York state courts (as does the underlying divorce proceedings that led to these contempt proceedings).  Based on Mr. Weir's motion, at least three of the individual Defendants reside in New York.  Nothing in the Mr. Weir's motion would suggest that Defendants "had continuous and systematic contacts with Pennsylvania, such that general personal jurisdiction exists" or that Defendants have the requisite minimum contacts with Pennsylvania, *e.g.*, purposefully directing their activities towards Pennsylvania, such that specific

- 2 -

personal jurisdiction exists. *Goodson v. Maggi*, 797 F. Supp. 2d 604, 620 (W.D. Pa. 2011) (Lancaster, C.J.) (cleaned up) ("The mere fact that [defendant judge] assumed jurisdiction in the Colorado Court of a domestic case originally filed in Pennsylvania, is not enough to support a claim of personal jurisdiction under a conspiracy theory.").

Even if the Court had jurisdiction, this District is likely not a proper venue. Under 28 U.S.C. § 1391, a civil action can be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Mr. Weir's motion does not suggest that there is a basis for venue in the Western District of Pennsylvania.

Accordingly, for the foregoing reasons, the Court hereby **DENIES** the Motion for Temporary Restraining Order (ECF 4).

Dated: May 29, 2025

                                                         BY THE COURT:

                                                         /s/ J. Nicholas Ranjan
                                                         United States District Judge

cc:
Nicholas Weir
4503 Stanton Ave
Pittsburgh, PA 15201